# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANNY R. SCHLOSSER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-12-317-JHP-SPS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Danny R. Schlosser requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v.*

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is deemed disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on October 21, 1959, and was fifty years old at the time of the administrative hearing (Tr. 163). He has an eighth grade education and past relevant work as a dry wall applicator (Tr. 70). The claimant alleges that he has been unable to work since June 17, 2006, because of back problems, hearing impairment, hernia, stent in his heart, and obesity (Tr. 179).

**Procedural History**

On June 18, 2009, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 (Tr. 62). The Commissioner denied his application. Following an administrative hearing, ALJ Osly F. Deramus found that the claimant was not disabled in a written opinion dated December 6, 2010 (Tr. 62-71). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity ("RFC") to perform light work, 20 C.F.R. § 404.1567(b), limited to occasional stooping, crouching, crawling, kneeling, balancing, and climbing stairs, and no climbing ladders (Tr. 66). The ALJ concluded that the claimant could not return to any of his past relevant work, but was not disabled, as there was other work he could perform, *i. e.*, housekeeping/cleaner (Tr. 71).

## Review

The claimant contends that the ALJ erred: (i) by failing to fully and fairly develop the record; (ii) by failing to find additional severe impairments at step two; (iii) by failing to properly analyze his credibility; and, (iv) by failing to pose a proper hypothetical to the vocational expert at the administrative hearing. Because the ALJ did fail to properly analyze the claimant's credibility, the decision of the Commissioner should be reversed and the case remanded for further analysis.

The record reveals that the claimant presented at St. Edward Mercy Medical Center's emergency room with complaints of chest pain and progressive facial weakness on the left side of his face (Tr. 246). The claimant was admitted to the hospital and diagnosed with Bell's palsy (Tr. 247). The claimant's electrocardiogram was noted to have an epicardial injury pattern, and his echocardiogram revealed an ejection fraction of 65% (Tr. 250-51). The claimant was catheterized, and treatment notes reveal that he had

a total occlusion of his circumflex system, resulting in an angioplasty and stent (Tr. 251). He was discharged on July 27, 2006 with diagnoses of acute diaphragmatic posterior infarction with total occlusion of the left circumflex requiring angioplasty and stenting, hypertension, hyperlipidemia, and Bell's palsy (Tr. 251).

The claimant followed up at the Heavener Medical Clinic and was noted to be feeling much better (Tr. 273). The claimant was directed to continue Coumadin, Toprol XL, Caduet, baby aspirin, fish oil, and Flonase and told to return to the clinic in three months for a follow-up appointment (Tr. 274).

The claimant was examined by state physician Dr. Wendell Long, M.D. on August 15, 2009. The claimant related a history of umbilical hernia related to his morbid obesity, a hearing impairment, a stent in his heart, hypertension, and coronary artery disease (Tr. 275). The claimant's main complaint was back pain (Tr. 275). Upon examination, the claimant was noted to have a limping gait favoring his left ankle which he had recently twisted (Tr. 275). The claimant had no spine or CVA tenderness, but the claimant was noted to be morbidly obese with a large umbilical hernia (Tr. 276). The claimant had normal range of motion in his shoulders, elbows, and wrists, and he was noted to have good motion in his lower extremities as well (Tr. 276). Further, Dr. Long found that the claimant had good pulses, good grip and opposition bilaterally, and normal deep tendon reflexes (Tr. 276). Dr. Long stated that the claimant's back pain could be secondary to his obesity (Tr. 276).

The claimant also underwent an ontological examination to assess the extent of his hearing impairment (Tr. 281). State agency physician Dr. S. J. Worrall, D.O. found that the claimant had a 50.6% hearing loss in his right ear and a 58.1% hearing loss in his left ear (Tr. 281). Based on his speech discrimination scores, Dr. Worrall opined that the claimant was "the perfect candidate for binaural hearing aids" which the claimant had been unable to afford (Tr. 281).

State agency physician Dr. Thurma Fiegel, M.D. reviewed the claimant's medical records and completed a Physical Residual Functional Capacity Assessment. She opined that the claimant could lift/carry up to fifty pounds occasionally and up to twenty-five pounds frequently, and stand/walk/sit for up to six hours in an eight-hour workday (Tr. 284). Dr. Fiegel also found that the claimant's hearing was limited (Tr. 287).

Finally, the claimant underwent a literacy evaluation at the Literacy Council of Western Arkansas, Inc. The claimant scored a grade equivalent of 5.9, placing him in the marginally literate category (Tr. 307).

The claimant testified at the administrative hearing that he has pain in his chest, his right hip and in his stomach due to his umbilical hernia (Tr. 84). He takes ibuprofen and hydrocodone for pain, up to 12-16 ibuprofen pills per day (Tr. 85). He has chest pain three times per week, with each episode lasting 20-30 minutes (Tr. 86). The claimant sits in a computer chair for 10-12 hours per day, as the chair keeps him in the 90-degree position that is most comfortable for him (Tr. 87). His wife helps him put his pants and socks on and tie his shoes and that bending over causes him pain (Tr. 88). His

medications make him forgetful, he can sit in a straight chair for thirty minutes at a time, stand for less than five minutes without having to lean on something, and walk about 25-30 feet before needing to take a break due to his pain (Tr. 93). Further, the claimant testified that he would be unable to lift five pounds due to his hernia, squat, and climb stairs (Tr. 94).

The claimant contends, *inter alia*, that the ALJ failed to analyze his credibility in accordance with the appropriate standards. The undersigned Magistrate Judge agrees. Deference must be given to an ALJ's credibility determination unless the ALJ misreads the medical evidence taken as a whole. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991). And an ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings. *Frey v. Bowen,* 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

The ALJ summarized and rejected the claimant's testimony with the following language: "the statements concerning the intensity, persistence and limiting effects of the claimant's symptoms are not credible to the extent they are inconsistent with finding that the claimant does not have an impairment or combination of impairments that

functionally equals the listings for the reasons explained below" (Tr. 17). The problem with this analysis (apart from vagueness) is that the ALJ should have *first* evaluated the claimant's testimony (along with all the other evidence) according to the above guidelines and *then* formulated an appropriate RFC, not the other way around, *i. e.*, the ALJ apparently judged the credibility of the claimant's testimony by comparing it to a pre-determined RFC. *See, e. g., McFerran v. Astrue*, 2011 WL 3648222, *2-*3 (10th Cir. Aug. 19, 2011) ("The ALJ's ultimate credibility determination is a singularly unhelpful sentence: '[T]he claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment.' . . . The ALJ's errors in the credibility assessment necessarily affect the RFC determination."), [unpublished opinion], *quoting Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009).

Further, the claimant testified he could not lift five pounds, squat or climb stairs due to his umbilical hernia, which also causes pain in his stomach (Tr. 84, 94). The ALJ mentioned the claimant's hernia at step four but did not consider whether it would impose any restrictions related to lifting and/or carrying, *e. g.*, he did not explain why he found the claimant's testimony on this point unbelievable. When determining a claimant's RFC at step four, the ALJ "must 'consider all of the claimant's medically determinable impairments, singly and in combination; the statute and regulations require nothing less' and a failure to do so 'is reversible error.'" *Hamby v. Astrue*, 260 Fed. Appx. 108, 112

(10th Cir. 2008) [unpublished opinion], *quoting Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis of the claimant's credibility. On remand, the ALJ should reconsider the claimant's testimony in accordance with the appropriate standards and determine what impact, if any, such reconsideration has on the claimant's ability to work.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 13th day of September, 2013.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma